UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA<br><br>**Plaintiff,**<br><br>vs.<br><br>JAVIER SANTIAGO GONZALEZ, a/k/a JAVIER SANTIAGO GONZALEZ PARALES, individually and d/b/a MONICA'S BAR & LATIN CUISINE; *et al.*,<br><br>**Defendants.** | Case No. CIV-23-76-D |

**O R D E R**

Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 14], which is accompanied by a supporting brief, affidavits, and evidentiary materials [Doc. No. 15]. Plaintiff Innovative Sports Management, Inc. moves for the entry of a default judgment against all Defendants pursuant to Fed. R. Civ. P. 55(b) and an award of statutory damages under the Communications Act of 1934 as amended, 47 U.S.C. § 605, in the maximum amount of $110,000.00, plus attorney fees of $1,800.00 and costs of $440.32.[1]

The Clerk has previously entered the default under Fed. R. Civ. P. 55(a) of Defendants Javier Santiago Gonzalez a/k/a Javier Santiago Gonzalez Parales, Saul Elera, and Monica's

---

[1] The Court denied a prior motion without prejudice to resubmission for noncompliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq, and LCvR55.1. Plaintiff has cured this deficiency [Doc. No. 15-3].

Hookah Bar & Lounge, LLC. *See* Clerk's Entry of Default [Doc. No. 10]. Further, Plaintiff's counsel has certified that he mailed a copy of the Motion to each defendant by first class mail at their last known mailing addresses. *See* Pl.'s Mot. at 23. No defendant has appeared, answered, or made any response in opposition to the Motion. Upon consideration of the Motion and supporting materials, the Court finds that the Motion should be granted on the existing record.

Plaintiff brings claims under the Communications Act of 1934 as amended, 47 U.S.C. § 605, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. Plaintiff alleges it held exclusive nationwide commercial distribution rights to the television broadcast of *Argentina v. Columbia Soccer Match* on February 1, 2022, including all interviews and game commentary (the "Program"). *See* Compl. [Doc. No. 1], ¶ 10. Plaintiff states that it contractually acquired the right to sublicense commercial entities to publicly exhibit the Program within their establishments and that Plaintiff expended substantial monies for marketing, advertising, promoting, administering, and transmitting the Program to its licensees. *Id*. ¶¶ 11-12.

Plaintiff alleges on information and belief that Defendants were the owners, operators, or mangers with dominion, control, and oversight of a commercial establishment doing business as Monica's Bar & Latin Cuisine located at 3000 West Memorial Road, Suite 104 in Oklahoma City, Oklahoma. *Id*. ¶¶ 6-8. Plaintiff further alleges that Defendants unlawfully intercepted, published, and exhibited the Program in their establishment at the time of its transmission. *Id*. ¶ 13. Plaintiff states that Defendants acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain. *Id*.

By not answering the Complaint, Defendants have admitted the factual allegations stated in Plaintiff's pleading.  *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017) ("An allegation is admitted if a responsive pleading is required and the allegation is not denied.") (quoting Fed. R. Civ. P. 8(b)(6)).  Thus, Defendants have admitted facts that show the existence of subject matter and personal jurisdiction, and the facts necessary to establish the unlawful interception and exhibition of the Program in violation 47 U.S.C. § 605(a), as asserted in Count I of the Complaint.[2]

Further, the facts shown by the evidence submitted with Plaintiff's Motion establish that on February 1, 2022, Defendants exhibited the Program on three televisions in Monica's Bar and Latin Cuisine, which was a commercial establishment located at 3000 West Memorial, Suite 104 in Oklahoma City.  *See* Suiter Aff. [Doc. No. 15-2] at 1.  Defendants did not have a sublicense agreement from Plaintiff to exhibit the Program.  *See* Jacobs Aff. [Doc. No. 15-1], ¶ 3.  The Program was broadcast via the closed-circuit distribution of an encrypted signal, and the methods by which the electronic transmission could have been intercepted and pirated require purposeful and deliberate conduct designed to evade the encryption and receive the signal without permission.  *Id*. ¶¶ 9-11.

Based on the undisputed facts and evidence of record, the Court finds that Defendants each committed a single violation of 47 U.S.C. § 605(a).  *See J & J Sports Prods., Inc. v.*

---

[2] Although Plaintiff also asserts a claim under 47 U.S.C. § 553 in Count II, Plaintiff seeks by its Motion only the remedies available under 47 U.S.C. § 605.  Further, allowing a recovery under both statues would be an improper award of duplicative damages.  *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008).

*Spears*, No. CIV-18-126-D, 2018 WL 4702173, *1 (W.D. Okla. Oct. 1, 2018) (citing *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) ("cases applying the statute in a commercial context have interpreted the showing of an event on a single night as one violation"). The Court further finds that Defendants' interception and exhibition of the Program was necessarily willful.

By its Motion, Plaintiff elects to recover statutory damages under § 605(e)(3)(C)(i)(II), which authorizes an award of damages for each violation of § 605(a) "in a sum of not less than $1,000 or more than $10,000, as the court considers just." Plaintiff requests that the Court award the maximum amount of $10,000. Plaintiff presents evidence that shows the required sublicense fee for Defendants to broadcast the Program at their establishment, based on its capacity, was $550.00. *See* Jacobs Aff. [Doc. No. 15-1], ¶ 8. The evidence further shows the maximum capacity of the establishment was approximately 80 people, but the number of patrons present during the broadcast was approximately 20 people. *See* Suiter Aff. [Doc. No. 15-2] at 2. Defendants did not charge an admission fee but did sell and serve drinks. *Id*. at 1.

Upon consideration of facts shown by the record, the Court finds that an award of statutory damages is proper and that Plaintiff should recover a statutory award of $5,000. This amount is sufficient to compensate Plaintiff for the loss of the commercial sublicense fee and to deprive Defendants of any financial benefit resulting from the unlawful broadcast.

Because Defendants' conduct was willful, the Court also finds that Plaintiff is entitled to enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests an enhancement award of $100,000.00, which is the maximum amount allowed under the statute. The record contains no evidence that Defendants have engaged in similar misconduct or shown similar

4

programs on other occasions. Further, there is no evidence that Defendants derived a significant profit from unlawfully exhibiting the Program. On the record presented, the Court finds an award of enhanced damages in the amount of $10,000 is proper to sufficiently punish Defendants for their illegal conduct and deter future violations. Also, this amount is consistent with this Court's award of enhanced damages in prior cases. *See Spears*, 2018 WL 4702173 at *2 (awarding this same amount on similar grounds); *J&J Sports Prods., Inc. v. Garcia*, No. CIV-14-806-D, 2015 WL 1800534, *2 (W.D. Okla. April 16, 2015) (same).

As a prevailing party under § 605(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's counsel has submitted declarations setting forth a description of the legal work performed, the hourly rate charged, and the costs incurred. *See* Weintraub Decls. [Doc. Nos. 15-4 and 15-5]. The Court finds the amounts sought are reasonable, and that Plaintiff should receive an award of attorney's fees in the amount of $1,800.00 and costs in the amount of $440.32.

**IT IS THERFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. Nos. 14] is **GRANTED**. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to a judgment under Rule 55 against Defendants Javier Santiago Gonzalez a/k/a Javier Santiago Gonzalez Parales and Saul Elera, individually and d/b/a Monica's Bar & Latin Cuisine, and Monica's Hookah Bar & Lounge, LLC d/b/a Monica's Bar & Latin Cuisine, for their violation of 47 U.S.C. § 605. Plaintiff shall recover from Defendants jointly and severally a monetary award as follows:

(1)  statutory damages in the amount of $5,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2)     enhanced statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

(3)     attorney's fees in the amount of $1,800.00 and costs in the amount of $440.32 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 20th day of September, 2023.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge